UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

**FILED**

Jan 16 2018



CLERK

| UNITED STATES OF AMERICA, | 3:16-CR-30136-RAL |
|---|---|
| Plaintiff, | |
| vs. | OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION |
| HARLAN JAMES TWO EAGLE, | |
| Defendant. | |

Just after midnight on December 22, 2015, Terri Searby called the police to report that she had been sexually assaulted. T. 20. Richard Kumley, a police officer for the Rosebud Sioux Tribe, traveled to White Horse Housing, near Mission, South Dakota, where he met with Searby at house number 495. T. 20. Searby told Officer Kumley that she been drinking with friends at nearby house number 492, where she had eventually fallen asleep on a couch in the living room. Ex. 1 at 02:30–03:36. She explained that she awoke in a different room to Harlan Two Eagle on top of her; her pants and underwear had been removed and her shirt was pushed up. Ex. 1 at 03:36–7:00; T. 21. Although Searby was not sure, she thought Two Eagle's penis was inside her. Ex. 1 at 07:30–07:55.

Officer Kumley had Searby stay in his patrol car while he entered house number 492 through the front door. T. 21–22. In the living room, Officer Kumley encountered Two Eagle, Two Eagle's brother Vine, Two Eagle's nine-year-old niece, and Raqual Thunderhawk. T. 23, 25–26, 30, 49; Ex. 1. Two Eagle's sister Dieta eventually joined the group in the living room. T. 30, 50. Officer Kumley handcuffed Two Eagle shortly after entering the house, initially telling him he was being detained but then informing him that he was under arrest for sexual assault a few minutes later. Ex. 1 at 11:00–14:33. After handcuffing Two Eagle, Officer Kumley asked Two Eagle and everyone else in the house several questions. Ex. 1. Some of Officer Kumley's questions were not directed to any particular person while others were directed specifically to Two Eagle. Ex. 1. Officer Kumley never read Two Eagle his Miranda rights. Two Eagle denied having done anything to Searby. Ex. 1.

1

A federal grand jury indicted Two Eagle for aggravated sexual abuse of Searby. Doc. 1. He moved to suppress his statements, arguing that they were involuntary and that Officer Kumley violated Miranda v. Arizona, 384 U.S. 436 (1966), by interrogating him without first advising him of his rights. Magistrate Judge Mark A. Moreno held an evidentiary hearing at which he heard testimony from Officer Kumley and received into evidence a video recording from the body camera Officer Kumley was wearing during his encounter with Two Eagle. Judge Moreno recommended granting Two Eagle's motion in part, concluding that while Two Eagle's statements were voluntary, some of them were the result of custodial interrogation and therefore inadmissible under Miranda in the government's case in chief. Doc. 56. Two Eagle has now objected to that recommendation. Doc. 57.

This Court reviews a report and recommendation under the statutory standards found in 28 U.S.C. § 636(b)(1), which provides in relevant part that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Having conducted a de novo review, this Court adopts the report and recommendation in full.

I. Discussion

A. Miranda Challenge

Under Miranda, the police must give a suspect who is in custody certain warnings before subjecting him to interrogation. 384 U.S. at 444. The government does not dispute that Two Eagle was in custody once he was handcuffed, Doc. 58, so the only question is whether Officer Kumley interrogated Two Eagle. "Interrogation" for Miranda purposes obviously includes "express questioning" by a police officer. Rhode Island v. Innis, 446 U.S. 291, 300–01 (1980). But it also includes the "functional equivalent" of express questioning—"any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Id. at 300 (footnotes omitted). Miranda does not apply, however, to "spontaneous statements made during a conversation not initiated by the officer." United States v. Chipps, 410 F.3d 438, 445 (8th Cir. 2005). And an officer's attempt to clarify a spontaneous statement "generally does not constitute interrogation." Id. Such an attempt can constitute interrogation, however, if the question "enhance[s] the defendant's guilt or raise[s] the offense to a higher degree." Butzin v. Wood, 886 F.2d 1016, 1018 (8th Cir. 1989) (citation omitted).

2

Because Two Eagle was moving to suppress multiple statements allegedly made in response to different questions from Officer Kumley, T. 15; Ex. 2A, Judge Moreno analyzed the statements separately. First, Judge Moreno concluded that the statements Two Eagle made after he was handcuffed but before Officer Kumley told him he was under arrest were admissible because they were either made spontaneously after Officer Kumley asked all of the occupants of the house a general question or were made in response to legitimate attempts by Officer Kumley to clarify statements Two Eagle had volunteered.[1] Second, Judge Moreno found that because Officer Kumley informing Two Eagle that he was under arrest did not constitute interrogation, the questions Two Eagle asked immediately thereafter were admissible under Miranda. Third, Judge Moreno concluded that several of the statements Two Eagle made after he was arrested were inadmissible because they were the product of interrogation. Fourth, Judge Moreno explained that Two Eagle's statements consenting to a DNA test and to Officer Kumley taking his clothes were admissible because a request to search is not an interrogation that triggers Miranda. Finally, Judge Moreno found that Two Eagle's statement that he didn't know that "she was going to fucking pass out like that" was admissible because Two Eagle volunteered the statement and the statement was not the product of anything Officer Kumley said or did.

Rather than offering any specific objections to Judge Moreno's conclusions, Two Eagle argues generally that all of his statements should be suppressed because Officer Kumley engaged in conduct that was reasonably likely to elicit an incriminating response. This Court has viewed the recording of Officer Kumley's encounter with Two Eagle multiple times and agrees with Judge Moreno's factual findings and legal conclusions concerning Two Eagle's statements. Because the objection Two Eagle now makes was fully addressed by Judge Moreno, no further analysis is necessary.

**B.     Voluntariness**

"A statement is involuntary when it was extracted by threats, violence, or express or implied promises sufficient to overbear the defendant's will and critically impair his capacity for self-determination." United States v. LeBrun, 363 F.3d 715, 724 (8th Cir. 2004) (en banc)

---

[1] A heading in Judge Moreno's report and recommendation referred to these statements as the "Pre-Arrest Statements." Doc. 56 at 5. Two Eagle objects to this label, arguing that "custody, not arrest, is the touchstone for Miranda purposes." Doc. 57 at 5. Two Eagle's objection is overruled because Judge Moreno did, in fact, find that Two Eagle was in custody when he made these "Pre-Arrest Statements."

(quoting Simmons v. Bowersox, 235 F.3d 1124, 1132 (8th Cir. 2001)); see also Schneckloth v. Bustamonte, 412 U.S. 218, 226–27 (1973). In determining whether a statement was involuntary, both the conduct of the police and the personal characteristics of the defendant must be considered. See Sheets v. Butera, 389 F.3d 772, 779 (8th Cir. 2004) ("We consider, among other things, the degree of police coercion, the length of the interrogation, its location, its continuity, and the defendant's maturity, education, physical condition, and mental condition."); LeBrun, 363 F.3d at 724; United States v. Pierce, 152 F.3d 808, 812 (8th Cir. 1998).

Judge Moreno concluded that Two Eagle's statements were voluntary based on the lack of any police coercion, the short duration of the questioning, Two Eagle's age and background, his ability to converse coherently with Officer Kumley, and the fact that he denied having committed any crime. This Court agrees with Judge Moreno's conclusion that Two Eagle's statements were voluntary. Two Eagle's one-sentence argument—that "all statements made by him were involuntary within the meaning of the 5th Amendment"—does not require any additional discussion. Doc. 57 at 3. For the reasons stated in the report and recommendation, this Court finds that Two Eagle's statements were voluntary.

## II. Conclusion

For the foregoing reasons, it is hereby

ORDERED that the Defendant's Objections to Report and Recommendations, Doc. 57, are denied. It is further

ORDERED that the Report and Recommendation on Motion to Suppress Statements, Doc. 56, is adopted. It is further

ORDERED that the Defendant's Motion to Suppress Statements, Doc. 44, is granted in part and denied in part as set forth in the Report and Recommendation.

DATED this 16th day of January, 2018.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE